# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KRISTIE A. MASCARELLA                                     CIVIL ACTION NO.

VERSUS                                                                   13-642-SDD-RLB

CPLACE UNIVERSITY SNF, LLC
d/b/a AFFINITY NURSING & REHAB
CENTER; CPLACE COLONIAL RC, LLC
d/b/a COLONIAL CARE RETIREMENT
CENTER; and TRADITIONS SENIOR
MANAGEMENT, INC.

## RULING

This matter is before the Court on the *Motion for Attorney's Fees, Litigation Expenses and Costs*[1] filed by the Plaintiff, Kristie A. Mascarella ("Plaintiff"). Defendants, CPlace University SNF, LLC, d/b/a Affinity Nursing & Rehab Center ("Affinity") and Traditions Senior Management, Inc. ("Traditions") (or "the Defendants") have filed an *Opposition*[2] to this motion, to which Plaintiff filed a *Reply*.[3] For the following reasons, the Court finds that Plaintiff's motion should be granted.

## I.    FACTUAL BACKGROUND

Plaintiff in this case brought suit against the Defendants alleging violations of the Americans with Disabilities Act ("ADA") and the Louisiana Employment Discrimination Law. A jury trial was held in this matter from July 20, 2015 through July 22, 2015. The jury returned a verdict in Plaintiff's favor, finding that she proved by a preponderance of

---

[1] Rec. Doc. No. 79.
[2] Rec. Doc. No. 83.
[3] Rec. Doc. No. 88.
30203

DG, NLT

the evidence that the Defendants failed to reasonably accommodate her disability, and that the Plaintiff would not have been terminated but for her requests for accommodations.[4]  The jury awarded Plaintiff $100,000.00 in past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.[5]  The jury awarded Plaintiff $100,000.00 for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.[6]  For lost wages and benefits from August 8, 2012 to the date of the verdict, the jury awarded $90,000.00.[7]  However, the jury also found that Plaintiff failed to mitigate her damages and reduced her award by $25,000.00.[8]  Lastly, the jury awarded the Plaintiff $275,000.00 in punitive damages.[9]

Both parties filed several post-trial motions which the Court has previously addressed.  The only remaining motion is Plaintiff's request for attorney's fees and costs as a prevailing party.

## II.   ATTORNEY'S FEES

Considering that a jury rendered a verdict in favor of Plaintiff and awarded damages in the amount of $540,000.00, it is undisputed that Plaintiff is a "prevailing party" under the ADA.  Plaintiff seeks attorney's fees in the amount of $338,602.61 and costs in the amount of $5,883.11.[10]  The Defendants dispute Plaintiff's requested attorney's fees and costs arguing that:  (1) proffered expert declarations should be excluded; (2) the requested fees are unreasonable and should be reduced based on Plaintiff's partial

---

[4] Rec. Doc. No. 58.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Plaintiff amended this amount in her *Reply* brief, Rec. Doc. No. 88, p. 8.
30203

success; and (3) the claimed costs are excessive.

### A.   Plaintiff's Expert Declarations

Defendants contend Plaintiff's declarations submitted in support of attorney's fees should be stricken because they:  were not disclosed as experts in initial disclosures, fail to address the prevailing market rates in the locality, fail to address years of litigation experience of attorneys, and fail to address the nature and complexity of ADA cases.

Plaintiff submits these types of declarations are routinely submitted in cases where requests for attorney's fees have been made, and further, the declarations provided are detailed with the declarants' experience, current positions, and knowledge of charging fees within the community.  Plaintiff cites to a recent case from the Middle District of Louisiana wherein Judge Jackson acknowledged the "critical" nature of affidavits submitted for the same purpose in denying a motion to strike those affidavits.[11]

The Court finds that Plaintiff's submitted Declarations are acceptable and helpful to the Court in determining the proper amount of attorney's fees in this matter.  Moreover, as set forth below, the Court has not relied solely on the evidence submitted by counsel but has also surveyed a wealth of jurisprudence from the Middle and Eastern District Courts of Louisiana in reaching its determination of a fair, appropriate hourly rate in this case.

### B.  The Lodestar Approach

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong

---

[11] *Advocacy Center v. Cain*, 2014 WL 1246840, at *3 (M.D. La. Mar. 24, 2014).
30203

evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[12] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[13] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[14]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[15] The party seeking the fee bears the burden of proof on this issue.[16]

1. <u>Reasonable Hours Expended</u>

The Court begins by determining whether the number of hours claimed by Plaintiff's attorneys is reasonable.[17] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and

---

[12] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n. 79 (5th Cir. 2000); *Hensley v. Eckerhart*, 461 U.S.424, 436–37 (1983).

[13] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors*, 919 F.2d at 379.

[14] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).

[15] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 919 F.2d 374, 379 (5th Cir. 1990); *Migis v. Pearle Vision, Inc.,* 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).

[16] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

[17] *Migis*, 135 F.3d at 1047.

30203

provide hours spent and justification thereof."[18]  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[19]

Here, attorneys Campbell and Brady have provided detailed performance logs of the services provided by counsel that complies with Local Rule 54.  The Court finds that the logs demonstrate that Campbell and Brady exercised proper judgment in billing for services necessary in the ordinary course of litigation.  The Court finds the log entries consistent with the timeline and filings in this case and typical with respect to the duties necessary in such a case.  The Court did not find the entries to be duplicative, unnecessary, or overly broad.  Additionally, both Campbell and Brady submitted affidavits attesting that hours worked by other attorneys and paralegals were not included in their submissions.[20]  Campbell and Brady also contend they excluded from their performance logs time for intra-office meetings and conferences on this matter.

The Court has considered Defense counsel's assertions that Plaintiff's counsel have submitted redundant, duplicative texts, emails, and phone calls and excessive hours for briefing summary judgment and post-trial motions; however, the Court is satisfied that Campbell and Brady have provided adequate evidence supporting the hours expended on the case for each attorney.  The Court is also unpersuaded by Defense counsel's argument that, because he only spent 210.4 hours on this case compared to Plaintiff's counsel's approximately 1,100 hours, the inexperience of Plaintiff's counsel clearly accounted for the disparity, and the hours should be greatly reduced.  Counsel for the

---

[18] M.D. La. LR54(b).
[19] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[20] *See* Rec. Doc. Nos. 79-2, p.2, ¶ 3 & 79-3, p. 2, ¶ 3.
30203

Defendants may have billed fewer hours, but the Defendants also lost the majority of the case.  Furthermore, "[t]hat defense counsel spent significantly less time on this case than did counsel for the plaintiff[ ] is irrelevant so long as all compensated work was necessary and performed in an expeditious manner."[21]  The Court is satisfied that the explanations provided by Plaintiff's attorneys are sufficient to establish entitlement to the fees sought.

2.  <u>Reasonable Hourly Rates</u>

The Court must also determine if the hourly rates of $300/hour for Attorneys Campbell and Brady are reasonable given counsel's ability, competence, experience, and skill.  Plaintiff contends that both Campbell and Brady are partners in their respective law firms and have extensive experience in complex and novel litigation matters, including employment cases.[22]  Campbell has been practicing in Louisiana for 13 years, and Brady has been practicing in Louisiana for "over 16 years."[23]

An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[24]  The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[25]

The party seeking attorney's fees has the burden of producing satisfactory

---

[21] *LaBarge Pipe & Steel Co. v. First Bank*, 2011 WL 3841605 at *4 (M.D. La. Aug. 29, 2011)(quoting *Harkless v. Sweeny Independent School District*, 608 F.2d 594, 598 (5th Cir.1979)(internal quotation marks omitted).

[22] Rec. Doc. Nos. 79-2 & 79-3.

[23] Rec. Doc. No. 79-3, ¶ 2.

[24] *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).

[25] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

30203

evidence that the requested rate is aligned with the prevailing market rate.[26]  "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee.[27]  Rather, "[t]o inform and assist the court in [determining the reasonable rate]," the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits,[28] as well as "affidavits of other attorneys practicing [in the community in question]."[29]  In addition to the community rate, "a court considers the attorneys' regular rates" when determining a reasonable rate.[30]

Under the case law considered by the Court,[31] which includes cases in the Middle and Eastern District Courts of Louisiana,[32] the Court finds that the requested rates of $300

---

[26] *Kellstrom*, 50 F.3d at 324.

[27] *See Hensley*, 461 U.S. at 440.

[28] *See Blum*, 465 U.S. at 896 n. 11.

[29] *Tollett,* 285 F.3d at 368. *See, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir.1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community").

[30] *Kellstrom*, 50 F.3d at 328.

[31] *Overman v. City of East Baton Rouge*, Civ. A. No. 13-614, 2015 WL 7459988, *4 (M.D. La. Nov. 24, 2015)(court awarded $225 an hour in an employment discrimination case to an attorney with more than 30 years of experience); *Advocacy Center v. Cain*, Civ. A. No. 3:12-00508, 2014 WL 1246840 at *6 (M.D. La. Mar. 24, 2014)(approving $350 and $275 per hour rates based on experience and expertise of attorney); *Alexander v. Ace American Ins. Co.*, Civ. A. No. 14-370, 2014 WL 4163756 at *2 (E.D.La. Aug. 19, 2014) (sanctioning $250/hour for attorney with ten years of experience and $200/hour for attorney with four years' experience); *Cox. v. Precision Surveillance Org.*, Civ. A. No. 13–6600, 2014 WL 1785350 at *2 (E.D.La. May 5, 2014) (sanctioning $275.00/hour for attorney with ten years' experience); *Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No.12-2776, 2013 WL 6198861 (E.D.La. Nov. 27, 2013) (approving $250/hour for attorney with 24 years' experience); *Cole v. Orleans Parish Sheriff's Office*, 2013 WL 5557416 at *4 (E.D.La. Oct. 8, 2013) (reducing hourly rates from $300/hour to $275/hour for attorney with 34 years' experience and from $300/hour to $250/hour for attorney with 29 years' experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 at * 2 (E.D .La. Mar. 20, 2012) (reducing hourly rates from $450/hour to $350/hour for attorney with 30 years' experience and from $300/hour to $275/hour for attorney with eight years of experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 at *4 (E.D.La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years of experience); *Entergy La., L.L.C. v. The Wackenhut Corp.*, Civ. A. No. 09–7367, 2010 WL 4812921 (E.D.La. Nov. 17, 2010) (awarding $175.00/hour to attorney with 16 years of experience); *Wilson v. Tulane Univ.*, 2010 WL 3943543 (E.D.La. Oct. 4, 2010) (awarding $250.00/hour and $160.00 hour to attorneys with 25 and four years of experience respectively).

[32] The prevailing market fee is generally determined by affidavits filed by attorneys practicing in the area. *Ball v. LeBlanc*, 2015 WL 4454779 at *3 (M.D. La. July 20, 2015), quoting *Tollett*, 285 F.3d at 368. However, markets of comparable sizes can be informative in determining the prevailing market rate of another district. *See e .g., Strogner v. Sturdivant*, No. 10–125–JJB–CN, 2011 WL 6140670, at *2 n. 4 (M.D.La. Dec. 9,2011) (finding that the rate in New Orleans could help determine the rate in Baton Rouge because after Hurricane 30203

per hour for both attorneys is slightly high.  The Court finds that $250.00 per hour is a reasonable rate for the services of Campbell and Brady in light of the prevailing market rates in Baton Rouge and New Orleans.

### 3. The *Johnson* Factors

The Court must next consider whether the lodestar calculation should be adjusted upward or downward, depending on the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[33]  The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[34]

Several of these factors have already been addressed above; however, the Defendants pay particular attention to the results obtained and argue that, because Plaintiff only achieved "limited success,"[35] the award should be adjusted downward by 40 or 50%.  Defendants contend this reduction is appropriate because Plaintiff voluntarily dismissed one defendant at the start of trial and because the jury found no liability on her

---

Katrina, the size of New Orleans and Baton Rouge became more comparable); *Advocacy Center v. Cain*, 2014 WL 1246840, at *7 n. 6 (same).
[33] 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987).
[34] *Johnson*, 488 F.2d 714, 717–19.
[35] Rec. Doc. No. 83, p. 4.
30203

claim of disability discrimination.

In *Hensley v. Eckerhart*,[36] the Supreme Court of the United States found that an attorneys' fees and costs award should be reasonable in light of the level of success. The court stated that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."[37]   However, the *Hensley* Court also held that, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee … In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."[38]

While it is true that the jury reduced Plaintiff's damages by $25,000.00 for failure to mitigate, and the jury did reject Plaintiff's claim of disability discrimination, the Court cannot find that Plaintiff obtained limited success in light of the $540,000.00 award Plaintiff received on the claims she won.   First, Plaintiff established that the Defendants operated as a single business enterprise, which is not a routine issue in every ADA case. Second, the Court agrees with Plaintiff's counsel's contention that there is no indication that the jury would have awarded Plaintiff any more or any less had they found Defendants liable on the disability discrimination claim, as the verdict form did not ask for particularized damages for each individual claim but rather sought an overall amount for compensatory damages.   Moreover, the *Hensley* Court held that, where a plaintiff's claims for relief

> involve a common core of facts or will be based on related legal theories ...,
> much of counsel's time will be devoted generally to the litigation as a whole,

---

[36] 461 U.S. 424 (1983).
[37] *Id.* at 440.
[38] *Id.* at 435-436.
30203

making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims.  Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.[39]

The Court finds that this is precisely the type of case contemplated above in *Hensley*.

Regarding the remaining *Johnson* factors, the Court finds that these factors do not warrant any additional adjustment from the lodestar amount.  Indeed, many of these factors were subsumed in the original lodestar estimate.  Accordingly, having adjusted the reasonable rate per hour to $250.00 for both Brady and Campbell, the Court determines that a fee award of $275,662.50 is reasonable compensation for the attorneys' efforts in this case.

### C. Costs

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office.

### III.   CONCLUSION

For the reasons set forth above, the *Motion for Attorney's Fees, Litigation Expenses and Costs*[40] is GRANTED with respect to attorney's fees as adjusted by the Court.  The matter of costs and expenses is referred to the Clerk's Office.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 27, 2016.</u>

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[39] *Id.* at 435.
[40] Rec. Doc. No. 79.
30203